UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-01077-SWV-SSx | Date | February 21, 2014 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Co. v. Jacinto Gutierrez, et al. | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER REMANDING CASE TO STATE COURT

Plaintiff Deutsche Bank National Trust Company filed an unlawful detainer action against Defendants Jacinto Gutierrez and Somphit Saelim in the Los Angeles County Superior Court on October 10, 2013.  Defendants have removed the case here, alleging federal jurisdiction under 28 U.S.C. §§ 1331 and 1441(a).

28 U.S.C. § 1441 governs removal jurisdiction.  There is a "strong presumption" against it.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, defendants bear the burden of establishing jurisdiction.  *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  They contend removal is proper in this case because the unlawful detainer complaint raises a question of federal law: Whether plaintiff complied with a federal statute, the "Protecting Tenants at Foreclosure Act of 2009," 12 U.S.C. § 5201 *et seq*.  (Notice of Removal ¶ 7.)

28 U.S.C. § 1331 provides that district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Removal on this basis is governed by the "well-pleaded complaint" rule.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id.* at 392.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear from the face of the plaintiff's well-pleaded complaint that there is a federal question."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  "A case may *not* be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  *Caterpillar*, 482 U.S. at 393.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-01077-SWV-SSx | Date | February 21, 2014 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Co. v. Jacinto Gutierrez, et al. | | |

JS - 6

Plaintiff's complaint states a single claim for unlawful detainer, which is purely a matter of California law.  The face of the complaint thus reveals no basis for federal question jurisdiction.  Even if compliance with 12 U.S.C. § 5201 *et seq.* is a defense to the unlawful detainer action, this does not transmute plaintiff's cause of action into one arising under federal law.  *See Caterpillar*, 482 U.S. at 393; *Garnett v. Aurora Loan Services, LLC*, No. CV 12-257-SVW, 2012 WL 1440920, at *2 (C.D. Cal., Apr. 25, 2012).

Because this Court lacks jurisdiction over the subject matter of this case, the Clerk shall REMAND the case to the Los Angeles County Superior Court.

:

Initials of Preparer        PMC